JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-1383 SGL (RCx)                                        Date:  September 3, 2009

Title:    U.S. BANK NAT'L ASS'N v.  EDUARDO CARRIZO, ET AL.
========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

          Cindy Sasse                                                  None Present
          Courtroom Deputy                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                        None present

**PROCEEDINGS:    ORDER REMANDING CASE**

      The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to Riverside Superior Court.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

      Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law to which the removing defendant intends to assert a federal defense.  <u>See</u> Notice of Removal at 2 ("The grounds for such removal is being based on claims 'arising under' FEDERAL LAW[.]  Namely, as to Federal Jurisdiction resulting from [defendant's] Discovery Request and Demands for:  'THE ORIGINAL BLUE INKED PROMISSORY NOTE'").  However, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  <u>See</u> <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction.  See 28 U.S.C. § 1331

ED CV 09-01427-SGL(FMOx)
HSBC BANK USA, NATIONAL ASSOCIATION AS IDENTURE TRUSTEE v ALONDRA URENA, ET AL.
MINUTE ORDER of September 3, 2009

(conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

     There is no evidence that petitioner and respondents are citizens of different states. Moreover, although defendant states that he "believes" the amount in controversy exceeds $75,000, this belief is unfounded, as the complaint expressly limits the amount in controversy to less than $10,000.  In order to invoke the Court's diversity jurisdiction, the defendant must show that he and the plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).

     In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand of the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to the Riverside Superior Court.

     The Clerk shall close the case.

     **IT IS SO ORDERED.**